**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jose Gonzalez MAGANA, Defendant–
Appellant.**

**United States of America,
Plaintiff–Appellee,**

v.

**Alfonso Perez Alcantar, Defendant–
Appellant.**

Nos. 98–10487, 99–10165.
D.C. No. CR–97–05167–MDC.

United States Court of Appeals,
Ninth Circuit.

Submitted July 6, 2000.

Vacated and Remanded Jan. 8, 2001.

Resubmitted Jan. 7, 2002.[1]

Decided Jan. 13, 2003.

Before NOONAN, THOMAS and BERZON, Circuit Judges.

MEMORANDUM[2]

On Remand from the United
States Supreme Court

Defendants Magana and Alcantar were indicted for conspiracy to manufacture,

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

distribute, and possess methamphetamine with intent to distribute; they were also indicted for aiding and abetting the manufacture of methamphetamine and the possession of methamphetamine with the intent to distribute. Both Magana and Alcantar were convicted, Alcantar pursuant to a guilty plea. Magana appealed his conviction, and Alcantar appealed the judgment entered pursuant to his guilty plea.

On July 12, 2000, this Court filed a memorandum disposition affirming the district court's decisions with respect to both Magana and Alcantar. About five months later, on January 8, 2001, the Supreme Court vacated our decision and remanded for reconsideration in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). *Magana v. United States*, 531 U.S. 1063, 121 S.Ct. 751, 148 L.Ed.2d 655 (2001). The parties filed briefs with this Court accordingly.

The *Apprendi* issue raised in this case is whether the penalty provision of the federal drug statute under which the defendants were sentenced—namely, 21 U.S.C. § 841—violates, under *Apprendi*, the due process clause of the United States Constitution because it permitted the imposition of a particular sentence based on certain factors—such as the quantity of drugs at issue—that were not found beyond reasonable doubt by the jury.

In *United States v. Buckland*, 289 F.3d 558 (9th Cir.2002) (en banc), we were confronted with, and we answered, almost precisely this question. *See United States v. Hernandez*, 2002 WL 31887902, *5 (9th Cir.2002) (rejecting the argument that the Supreme Court's opinion in *Harris v. United States*, 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002), overrules, undermines, or disputes *Buckland*'s "continuing validity"). As a threshold matter, we found in *Buckland* that the relevant statutory provisions were not facially unconstitutional. *Buckland*, 289 F.3d at 564–66. Holding that due process requires drug quantity and type to be treated as would any other material fact in a criminal prosecution, though, we also found in *Buckland* that these facts must be "charged in the indictment, submitted to the jury, subject to the rules of evidence, and proved beyond a reasonable doubt." *Id.* at 568.

In *Buckland*, as here, these procedural requirements were not met: in this case, a jury did not find beyond a reasonable doubt that the quantity of drugs in question sufficed for conviction under the particular provisions of § 841; instead, the sentencing court—and not the jury—declared that ". . . the quantity of drugs . . . [as] proven at trial should be sufficient to account for the level 38 that the presentence report gives the defendant." In this sense, as in *Buckland*, we are confronted here with an *Apprendi* error.

But this conclusion alone does not end our analysis. Because we determined in *Buckland* that it was beyond all doubt that the *Apprendi* error did not affect the outcome of the proceedings, we affirmed the defendant's conviction nevertheless. *Buckland*, 289 F.3d at 569–70. We find that the same analysis and conclusion obtain here: in this case, as in *Buckland*, there was an *Apprendi* error, but, as in *Buckland*, this *Apprendi* error was harmless with regard to the defendants' convictions and sentences. Our careful review of the evidence confirms that, as in *Buckland*, a rational jury would have found the requisite quantity of drugs to have existed beyond a reasonable doubt; that is, "the *Apprendi* error in this case did not affect the outcome of the proceedings." *Buckland*, 289 F.3d at 568. As a result, this case mirrors *Buckland* and we conclude accordingly that the *Apprendi* error was

harmless. Thus, we affirm the district court's decision in all parts.

**AFFIRMED.**